UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON

LEVENGER COMPANY,
a Florida corporation

    Plaintiff,

vs.

JACOBO (JACK) FELDMAN, an individual,
SHIRLEY FELDMAN, an individual,
ROLLABIND, LLC, a Florida Limited Liability
Corporation,
SJ CREATIVE GROUP, LLC, a Florida
Limited Liability Corporation, and
SHIRJA, INC., a Florida Corporation,,

    Defendants.                             /

**ORDER**

    This cause comes before the Court upon Defendants' Motion for Partial Summary Judgment as to Breach of License Agreement (DE 44). Plaintiff filed an Opposition to Defendants' Motion for Partial Summary Judgment (DE 57), and Defendants filed a Reply (DE 73). This matter is ripe for review. I have reviewed these filings and the record in this case. I am fully informed in the premises.

**Background**

    This case involves the parties' business relationship which was formed by Plaintiff Levenger's desire to sell a certain type of notebook product ("Circa notebook")[1] which Defendant Jacobo Feldman was making. Plaintiff is a retailer of high-end products for reading and writing.

---

[1] The product was originally referred to as the "Flic" product. Levenger sold this type of notebook as the Circa line.

Defendants, Jacobo Feldman and Shirley Feldman, husband and wife, are inventors. The Feldmans secured two patents on which the Circa notebook was based. The corporate Defendants are various corporate entities that were or are owned by one or more of the Feldmans, and were involved in supplying the Circa notebook to Levenger.

Defendants argue that they are entitled to summary judgment as to their claim that Plaintiff breached the parties' License Agreement. Plaintiff disagrees, pointing out that the License Agreement is void for failure of consideration, voidable for fraudulent inducement, and voidable because of Defendant Jacobo Feldman's breach.

**Facts**[2]

In June 2004, the Feldmans entered into a License Agreement with Levenger which granted Levenger certain exclusive rights relating to two patents owned by the Feldmans, the 969 patent and the 667 patent. Based on this License Agreement, Levenger sold the Circa notebooks and made royalty payments to the Feldmans, the amount of which depended on the number of Circa notebooks sold by Levenger. Levenger paid the Feldmans royalties until July 2006, at which point it stopped making royalty payments. On November 10, 2006, Levenger informed the Feldmans, for the first time, that it believed the patents underlying the License Agreement were invalid because the Feldmans did not disclose prior art in their patent applications. Thereafter, on December 30, 2006, Levenger terminated the License Agreement.

---

[2]I have only included the facts relevant to the claim on which Defendants seek partial summary judgment. These facts are taken from the Defendants' statement of undisputed facts, to which Plaintiff agrees with the exception of one typographical error which has been corrected in the version included herein.

**Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

**Analysis**

The issue presented in this motion is whether Defendants are entitled to judgment as a matter of law that Levenger breached the parties' License Agreement by ceasing royalty payments to the Feldmans in July 2006, despite having not put Defendants on notice that it was challenging the validity of the patents until November 2006. It is on this basis that Defendants assert they are entitled to royalty payments due from July 2006 through November 2006. Levenger argues that summary judgment is not appropriate because it has defenses which render the License Agreement void or voidable.

Defendants argue that the case law requires Levenger to be held liable for royalty payments from the point it stopped such payments until it gave notice to Defendants that it was challenging the patents underlying the License Agreement. Defendants' argument relies on case law addressing the *Lear* doctrine and what a licensee must do to invoke the doctrine's protection. *See Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co.*, 112 F.3d 1561, 1568 (Fed. Cir. 1997); *Lear v. Adkins*, 395 U.S. 653 (1969). The court in *Shell Oil* was addressing an appeal from a district court decision which found certain claims of a patent invalid and also certified a question to the Federal Circuit, United States Court of Appeals. *Shell Oil Co.*, 112 F.3d at 1562. The certified question was stated as follows:

> [w]here the Court has found the relevant patent claims invalid, may the Licensor recover damages for breach of contract for past royalties due on processes allegedly covered by such claims, from the date of the alleged breach until the date that the Licensee first challenged validity of the claims?

*Shell Oil Co.*, 112 F.3d at 1562. The Federal Circuit affirmed the district court's finding of invalidity and answered the certified question in the affirmative. *Shell Oil Co.*, 112 F.3d at 1562.

4

In their motion, Defendants state the "application of the rationale of *Shell Oil Co.* to the present case warrants entry of a partial summary judgment in favor of the Feldmans and against Levenger with regard to Levenger's obligation to pay a royalty fee." Motion at 3. I do not agree with Defendants' application of the rationale of *Shell Oil* to this case because, as discussed below, the facts and procedural posture of this case are different from those of *Shell Oil*.

In *Shell Oil*, the licensor, SKG, brought suit alleging breach of the parties' license agreement and infringement against the licensee, Shell Oil. *Shell Oil Co.*, 112 F.3d at 1563. In response, Shell Oil moved for summary judgment on the invalidity of the patent underlying the license agreement and was successful. *Id.* Shell Oil then sought to use the invalidity as a defense as to why it should not be held liable for unpaid royalties. *Id*. at 1568. While the district court agreed with Shell Oil as to the invalidity of the patent, it "held that a licensor could recover damages for breach of a license agreement where the validity of the underlying patent was not challenged until after the breach." *Id.* at 1563. Unlike *Shell Oil*, this case involves a suit brought by a licensee, Levenger, alleging not only invalidity of the patent, but also that the licensor, Defendants, made misrepresentations to Levenger before the parties executed the License Agreement that made the agreement void or voidable. In *Shell Oil* there was no discussion of the possibility that the license agreement could have been void or voidable as a result of the licensor's conduct. Moreover, the licensee which sought the protection of *Lear* in *Shell Oil* was also the party alleged to have infringed the patent. In the instant case, the licensee is not seeking the protection of *Lear* in response to a claim brought by a licensor for breach of a license agreement. Instead, it is the licensor, who is alleged to have acted inequitably as to the patent and the license agreement and seeks to use the *Lear* doctrine as an offensive tactic to receive its

5

royalty payments. These are just some of the differences between the facts of this case and *Shell Oil* which persuade me to not apply the rationale of *Shell Oil* as Defendants suggest.

The procedural posture of this case when examined in light of the reasoning in *Lear* also supports denying Defendants' motion. *Lear* addressed the balance between use of contract law in enforcing parties' license agreements, the federal policy of encouraging people to challenge patents, and the inequities involved when a licensee may be the only entity with enough economic incentive to challenge a patent. *Lear*, 395 at 670. *Lear* decided that a licensee should not be estopped from challenging a patent, and at the same time held that the licensee, Lear, could avoid all royalties accrued after the patent was issued if Lear could prove the patent's invalidity. *Lear*, 395 at 674. Cases since *Lear* have addressed when is the appropriate time to relieve a licensee of their obligation to pay royalties when the licensee is challenging patent invalidity. *American Sterilizer Co. v. Sybron*, 614 F.2d 890, 897-98 (3d Cir. 1980); *PPG Industries, Inc. v. Westwood Chemical, Inc.*, 530 F.2d 700, 708 (6th Cir. 1976). The question of determining at what point during the parties' interaction is an appropriate time to allow the termination of royalty payments is guided by the desire to promote an early adjudication of invalidity of patents and not allow any party to delay the process. *See Hull v. Brunswick Corp.*, 704 F.2d 1195, 1203-04 (10th Cir. 1983). In this case the patent invalidity is not the only issue in the case. Levenger alleges that Defendants have engaged in inequitable conduct in extracting two licenses based on the same patents, committed fraud and made misrepresentations prior to the execution of the License Agreement, and engaged in unfair competition. Levenger is not asserting patent invalidity as a defense to a suit for breach of a license agreement. Levenger initiated this suit against Defendants. The balance of equities in this case is not similar to that

6

present in *Shell Oil* where the party who enjoyed the protection of the license for a number of years, did not challenge the patent, but only sought the protection of *Lear* once the licensor accused it of engaging in infringing conduct. In this case, the party seeking to use *Lear* in its favor is the party against whom the suit was filed, and that party is also accused of inequitable conduct prior to the execution of the license agreement. While I am cognizant of the policy issues enunciated in *Lear* and do not rule that such policies will not impact a ruling regarding liability of royalty payments under the License Agreement, at this juncture in the case I do not find that the holdings of any of the cases cited by Defendants require summary judgment be entered in their favor on this issue.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Partial Summary Judgment as to Breach of License Agreement (DE 44) is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 30th day of July, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to:    counsel of record