IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  06-81054 – MIDDLEBROOKS/JOHNSON

LEVENGER COMPANY,
a Florida Corporation,

       Plaintiff,

v.

JACOBO (JACK) FELDMAN, et al

       Defendants.
_____/

## DEFENDANTS' MOTION FOR AMENDMENT OF FINDINGS OF FACTS AND CONCLUSIONS OF LAW

      Defendants, JACOBO (JACK) FELDMAN, SHIRLEY FELDMAN, ROLLABIND, LLC, and SHIRJA, INC., by and through their undersigned counsel and pursuant Rule 52(b), hereby file this, their Motion for Amendment of Findings of Fact and Conclusions of Law, and respectfully request that this Court amend its Findings of Fact and Conclusions of Law [Doc. # 115] to deny an award of attorneys' fees to Plaintiff on the basis that this is:  a.) not an "exceptional case"; and b.) and, even if this case was considered "exceptional", this Court should not award attorneys' fees to Plaintiff under this set of facts.  In support of this Motion, Defendants respectfully refer the Court to the Memorandum of Law below.

## Memorandum of Law

### Introduction

      After a non-jury trial beginning on August 24, 2007, this Court entered its Findings of Fact and Conclusions of Law [Doc. #115] on September 21, 2007 (hereinafter "FFCL").  As part of its FFCL, this Court found that the patents in suit were unenforceable for inequitable

«BOCA:146266v2
{WP415694;1}

conduct[1] and on that basis, coupled with two statements made at trial, this Court awarded Plaintiff its attorneys' fees for the work performed on the patent claims. *See* FFCL at 33-34. The two statements made at trial that formed the partial basis for the award of attorneys' fees consisted of "Mr. Feldman's repeated attempt to describe the slot in Figure 7 [of the patents in suit] as mushroom-shaped as opposed to oval shaped as well as his attempt to describe the Milos Patent's disk as having flattened sides." *Id*. at 33.

While a finding of inequitable conduct *may* support a finding that a case is "exceptional", it is rare that this finding alone supports a ruling that a case is exceptional. Most often, an award of attorneys' fees to an accused infringer, such as the Plaintiff, is granted based upon a finding of vexatious or frivolous litigation. It is respectfully submitted that Plaintiff failed to prove that this case is "exceptional" and, accordingly, Plaintiff is not entitled to an award of attorneys' fees. Moreover, even if this case were considered "exceptional", the Court need not and should not award Plaintiff its attorneys' fees under this set of facts. Accordingly, Defendants respectfully request that the FFCL be amended and that Plaintiff not be awarded attorneys' fees.

**Plaintiff is Not Entitled to an Award of Attorneys' Fees.**

Section 285 of the Patent Act (35 U.S.C. § 100, et seq.) allows for an award of attorneys' fees to a prevailing party in "exceptional cases." The analysis of whether to award attorneys' fees under Section 285 is a two-step process: the Court must first determine whether the case is "exceptional." *Intersprio USA, Inc. v. Figgie Intern., Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994). Then the Court must determine, when balancing all relevant factors including the relative culpability of the party against whom the award of fees is sought and the interests of justice,

---

[1] Defendants do not contest this finding in the instant Motion but, rather, will save their arguments as to the validity and enforceability of the patent for appeal. With this Motion, Defendants solely address the award of attorneys' fees to the Plaintiff.
«BOCA:146266_v2/68138-0001»

whether an award of attorneys' fees is justified. *Gardco Manufacturing, Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1215 (Fed. Cir. 1987).

> Gardco brought the suit and proved inequitable conduct, yet it has not been held that every case of proven inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as "exceptional". After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion "informed by the court's familiarity with the matter in litigation and the interest of justice." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed. Cir. 1986).

*Id*. Section 285 was not intended to operate as a fee-shifting statute in all cases such that awards of attorneys' fees become common place in patent litigation. *Rohm & Haas Co. v. Crystal Chem. Co.,* 736 F.2d 688, 690-91 (Fed. Cir. 1984) (citing S.Rep. No. 79-1503 (1946)). Additionally, "a prevailing alleged infringer should be awarded attorney fees only when it would be unjust not to make such an award." *Id*. at 692; *see also Forest Laboratories, Inc. v. Abbott Laboratories*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (stating that an award of attorneys' fees under §285 "is limited to circumstances in which it is necessary to prevent a gross injustice to the accused infringer") (internal quotation removed).

The Court based its award of attorneys' fees to Plaintiff in part upon two statements made at trial by Defendants, specifically, that the slot shown in Figure 7 of the patents in suit is mushroom-shaped and not oval shaped, and that the disk shown in the Milos patent has flattened sides. *See* FFCL, at 33. It is respectfully submitted that neither of these statements, alone or in combination, rise to the level of frivolous or vexatious litigation to support an award of attorneys' fees under 35 U.S.C. §285. Frivolous litigation for purposes of a fee award under § 285 against a patentee "is [a lawsuit] which the patentee knew or, on reasonable investigation, should have known, was baseless." *Haynes Intern., Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993) (*citing Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810 (Fed.

«BOCA:146266_v2/68138-0001»

Cir. 1990)). In particular, Defendants' testimony that the disk shown in the Milos patent has flattened sides is supported by Figure 1 from that patent, which is reproduced in relevant part below:



Instead of being "baseless," this testimony is supported by the document about which Defendants testified. Further, while the Court may disagree with the statement by Defendants made once at trial that Figure 7 of the patents in suit could be considered a mushroom shape, that statement is a matter of opinion, is not baseless and certainly does not render the Defendants' entire position on the patent issues in this case baseless to justify an award of attorneys' fees against Defendants.

Further, even though a finding of inequitable conduct *may* support an award of attorneys' fees to an accused infringer—one who, in this case, initiated this suit and was not "forced" to defend an infringement action—such an award is not automatic and should be granted only to prevent a gross injustice. *See Rohm,* 736 F.2d at 690-91; *Forest Labs.*, 339 F.3d at 1329. In a case where a plaintiff-patentee's claims of infringement were rendered moot by a finding that the subject patents were unenforceable for inequitable conduct, a sister District Court stated, "[The patentee] has been seriously punished in this case—its patents rights have been deemed unenforceable and its infringement claims against [the accused infringer] rendered moot thereby. Under the factual circumstances of this case, the court cannot, in its discretion, *further* punish [the patentee] by an award of fees to [the accused infringer]." *McKesson Information Solutions,*

*Inc. v. Bridge Medical, Inc.*, Case No. Civ. S-02-2669 FCD KJM, 2006 WL 2583025, *1 (E.D. Cal. Sept. 6, 2006).[2]

Similarly, the Defendants in this case have been punished enough. The Defendants—two individuals and their family-owned companies—have expended their own resources defending against the claims brought by Levenger—a company with hundreds of employees, thousands of products, and millions of dollars in annual sales—and now have had their patents declared invalid and unenforceable. To require the Defendants to also pay Levenger's attorneys' fees based on two statements made at trial and the unexplained failures of the Feldmans' patent attorney does not prevent gross injustice, the stated purpose of § 285.

If anything, requiring the Defendants to pay Levenger's attorneys fees *is* an injustice, particularly where the evidence at trial demonstrated that Levenger continues, to this very day, to reap the very substantial economic benefits from patents that Levenger, some 11 years after it first began doing business with Mr. Feldman, first claimed were invalid—patents which Levenger's principal, Steven Leveen, testified at trial were "ancillary." Indeed, that evidence further demonstrated that it was Levenger that wanted the best of both worlds, i.e., by first alleging, in November of 2006, that the patents were invalid and thereafter filing a lawsuit but, nevertheless, continuing to use those patents in the manufacture of what by all appearances is its largest and/or most profitable line.

This Court is not required to award Levenger its attorneys' fees on the patent claims and it should not do so.

---

[2] The only material factual distinction between the *McKesson* opinion and the instant case is that the plaintiff in *McKesson* owned the patents in suit by assignment and acquired the patents approximately ten years after they had issued. The relevance of this distinction is diminished in this case by the undisputed lack of legal sophistication of the Feldmans, who relied solely on their patent attorneys in the prosecution of the patents in suit.
«BOCA:146266_v2/68138-0001»

**Conclusion**

For the foregoing reasons, the Defendants respectfully request that the Court amend its Findings of Fact and Conclusions of Law and deny Plaintiff's request for attorneys' fees.

Dated: October 4, 2007

Respectfully submitted,

By __/s/Jennifer E. Simpson_____
Jennifer E. Simpson (Florida Bar No. 0697354)
jsimpson@bdlaw.com
**BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLP**
5355 Town Center Road, Suite 900
Boca Raton, Fl 33486
Telephone: 561-241-0414
Facsimile: 561-240-9766
Attorneys For Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 4, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By __/s/ Jennifer E. Simpson_____
Jennifer E. Simpson (Florida Bar No. 0697354)

**SERVICE LIST**
Levenger Company v. Jacobo (Jack) Feldman et al.
Case No. 06-81054-Civ (MIDDLEBROOKS/JOHNSON)
United States District Court, Southern District of Florida

Jerold I. Schneider, Esq.
E-MAIL:  jerold.schneider@akerman.com
Melissa S. Zinkil, Esq.
E-MAIL:  melissa.zinkil@akerman.com
**AKERMAN SENTERFITT**
222 LAKEVIEW AVENUE
WEST PALM BEACH, FL 33401
TELEPHONE:  561-653-5000
FACSIMILE:   561-659-6313

*ATTORNEYS FOR PLAINTIFF, LEVENGER COMPANY*

SERVED VIA CM/ECF NOTICE OF ELECTRONIC FILING

«BOCA:151139_v1/68138-0001»

«BOCA:146266_v2/68138-0001»