UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON

LEVENGER COMPANY,
a Florida Corporation,

     Plaintiff,

v.

JACOBO (JACK) FELDMAN, et al,

     Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Amendment of Findings of Fact and Conclusions of Law (DE 116), filed on October 22, 2007. Plaintiff filed a Response (DE 117) and Defendants filed a Reply (DE 121). I have reviewed the Motion and the file in this case.

In its Motion, Defendants request that the Court amend its Findings of Fact and Conclusions of Law (DE 115) so as to deny Plaintiff's request for attorneys' fees. In the Findings of Fact and Conclusions of Law, the Court found that the case was "exceptional" pursuant to 35 U.S.C. § 285 and awarded reasonable attorneys' fees to the prevailing party, Plaintiff. The Court made this finding based on the Defendants' inequitable conduct before the USPTO and also based on their behavior during trial. Defendants argue that Plaintiff was not entitled to an award of attorneys' fees because the case was not "exceptional." Specifically, they argue that the Court's finding that Defendants had engaged in inequitable conduct before the USPTO in combination with Mr. Feldman's incredulous statements at trial about the shape of the

1

disk did not rise to the level of being an "exceptional" case under the law.  Defendants also argue that while a finding of inequitable conduct may support an award of attorneys' fees, it is not automatic and should only be granted to prevent injustice.  Defendants contend *arguendo* that they have suffered enough in this case, as their patents have been deemed invalid and unenforceable, and do not deserve the added punishment of paying Plaintiff's attorneys' fees.

Under Federal Rule of Civil Procedure 52(b), "[o]n a party's motion..., the court may amend its findings–or make additional findings– and may amend the judgment accordingly." While the Court agrees with Defendants that it was not required to award attorneys' fees, the Court is unpersuaded by Defendants' arguments and still finds that it was in its sound discretion to award attorneys' fees based on the finding of inequitable conduct before the USPTO in conjunction with Defendants' behavior during trial.  Without addressing Plaintiff's additional bases for why this case is "exceptional" and Defendants' arguments against those additional bases, the Court adheres to its earlier decision and declines to amend its findings of fact and conclusions of law.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Amendment of Findings of Fact and Conclusions of Law (DE 116) is DENIED.

DONE and ORDERED in chambers in West Palm Beach, Florida, this 6th day of February, 2008.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record