IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON

LEVENGER COMPANY,
a Florida Corporation,

      Plaintiff,

v.

JACOBO (JACK) FELDMAN, an individual,
SHIRLEY FELDMAN, an individual,
ROLLABIND, LLC, a Florida Limited
Liability Corporation, and
SHIRJA, INC., a Florida Corporation,

      Defendants.
_____/

**PLAINTIFF'S MOTION FOR JUDGMENT OF AMOUNT OF
ATTORNEY FEES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, LEVENGER COMPANY ("Plaintiff" or "Levenger"), moves the Court for a judgment awarding attorney fees pursuant to 35 U.S.C. § 285, this Court's Findings of Fact and Conclusions of Law (D.E. 115) and the Final Judgment (Except for Accounting) (D.E. 132) entered on April 15, 2008.

1.   **Standard For Quantifying The Fee Award**

This Court awarded Levenger attorney fees in D.E. 115 under 35 U.S.C. § 285, and reserved ruling on the amount due under the findings, which ruling is now ripe for determination. The amount of an award is assessed in the discretion of the district court. <u>Lam, Inc. v. Johns-Manville Corp.</u>, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In <u>Lam</u> the Federal Circuit adopted a lodestar approach to determining the reasonableness of a fee award, considering, <u>inter alia</u>, the

Case 9:06-cv-81054-DMM   Document 135   Entered on FLSD Docket 05/08/2008   Page 2 of 7

Plaintiff's Motion for Judgment of Amount of Attorney Fees and Costs and Incorporated Memorandum of Law
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON
Page 2

billing rate charged and the number of hours expended. Id.

The criteria and the methodology which can be used by the court in determining attorney fees is highly discretionary. Matthis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1988). Awarding fees under 35 U.S.C. § 285 is an issue unique to patent law, and therefore, Federal Circuit law is applicable. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). In Junker v. Eddings, 396 F.3d 1359 (Fed. Cir. 2005) the Court held:

> The determination of a reasonable attorney fee requires the Court to consider all the relevant circumstances in a particular case and we review that for abuse of discretion . . . . [T]he kind of evidence usually analyzed in determining a reasonable attorney fee i[s]: hourly time records, full expense statements, documentation of attorney hourly billing rates in the community for the particular type of work involved, the attorney's particular skill and experience, and detailed billing records or client's actual bills showing tasks performed in connection with the litigation.

As a part of the fee to be awarded under 28 U.S.C. § 285, the fees incurred in preparing the fee motion ordinarily should be awarded as part of the work on a case. Mathis v. Spears, Id. 857 F.2d at 856; Eli Lilly and Company v. Zenith Goldline Pharmaceuticals, 264 F. Supp. 2d 753, 782 (S.D. Ind. 2003).

The United States Supreme Court has stated that quantification of reasonable attorney fees is not intended to result in a second major litigation. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Acceptance of an affidavit from movant's counsel is a reasonable means to determine the proper amount. Levin & Assoc. v. Rogers, 156 F.3d 1135, 1142 (11th Cir. 1998). Satisfactory evidence of reasonableness of the fees charged in relation to the prevailing market rate may be presented by opinion evidence. Norman v. Housing Auth, City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Case 9:06-cv-81054-DMM   Document 135   Entered on FLSD Docket 05/08/2008   Page 3 of 7

Plaintiff's Motion for Judgment of Amount of Attorney Fees and Costs and Incorporated Memorandum of Law
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON
Page 3

Levenger provides Declarations from Jerold I. Schneider, Levenger's lead counsel, and David K. Friedland, an independent attorney fee expert who is located in Coral Gables, Florida, to establish the reasonableness of the hourly rates charged by Levenger's counsel as well as the reasonableness of the number of hours worked by these counsel. See Exhibits "A" and "B" (Declarations of Jerold I. Schneider and David K. Friedland).

2. **The Suit Involves Patent And Non-Patent Claims**

In addition to the patent claims and issues, this case involves trade dress infringement, misappropriation of trade secrets, breach of a license agreement, and other equitable relief. The fee award is for the patent "claims for invalidity due to anticipation by prior art and obviousness, and unenforceability due to inequitable conduct" (D.E. 115, p. 33-34).

The attorneys and paralegals who represent Levenger have made a substantial, good faith effort to categorize the time entries which are being submitted to the Court as Excel® spreadsheets, Exhibits 1 and 2 to the Schneider Declaration. In Exhibit 1 the data is chronological, Exhibit 2 the data is by category. Exhibit 3 to the Schneider Declaration contains the invoices submitted to Levenger, and the draft invoice for April, 2008 time. Declarations of each attorney and paralegal attesting to their categorization of the time are submitted.[1] The time falls into four basic categories, (A) time entries which can be determined to be fully attributable to the compensated issues; (B) time entries which can be determined to be fully attributable to the non-compensated issues; (C) time entries which consist of both compensable and noncompensable time but cannot be separated, e.g., trial time; and (D) time entries incurred in preparation and prosecution of the fee motion.

---

[1] Exhibit "C" is the Declaration of Melissa Zinkil; Exhibit "D" the Declaration of Eduardo J. Quinones; "Exhibit "E" the Declaration of Gregory Nelson; Exhibit "F" the Declaration of Kirk Humphreys; and, Exhibit "G" the Declaration of Carrie Ann Hastings.

{WP491283;1}

Case 9:06-cv-81054-DMM   Document 135   Entered on FLSD Docket 05/08/2008   Page 4 of 7

Plaintiff's Motion for Judgment of Amount of Attorney Fees and Costs and Incorporated Memorandum of Law
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON
Page 4

After Levenger's attorneys and paralegals allocated their time to these categories (Exhibits "C" to "G"), Jerold Schneider, lead counsel for Levenger has provided the Court with a Declaration stating his best judgment as to a percentage of the total time devoted to the compensable patent issues, and to the time attributed to category (C) devoted to the compensable issues, and the reasonableness of the fee. (Declaration, Exhibit "A", paragraphs 25-32).

A percentage approach to adjustments to the lodestar determination of attorney fees under 28 U.S.C. § 285, on various bases, is often used when there is difficulty in arriving at more precise calculation, or the court deems that finer discrimination is not possible or required. For example, in Minks v. Polaris Industries, Inc., 2007 WL 17 5211 (M.D. Fla) Judge Presnell made a percentage reduction where "[i]t is not possible to separate out the attorney's fees that were unnecessarily incurred," Id. at *2, based upon an unreasonable damages demand. The Court cited PODS, Inc. v. Porta Stor Inc., 2006 WL 2473627 rev'd on other grounds, 484 F.3d 1359 (Fed.Cir. 2007) (M.D. Fla) at *2, where the Court had applied a percentage approach based upon the Eleventh Circuit Court of Appeals' decision in Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) ("[M]ost circuits recognize the utility of across the board percentage cuts"). Cases with similar § 285 fee allocations include, e.g., Franklin Electric Co. v. Dover Corp., 2006 WL 5103098 (W.D. Wis.); and Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals, 264 F.Supp. 2d 753, 775 (S.D. Ind. 2003) and cases cited.

3.  **Total Fees And Percentage Adjustments**

The complete time entries for all attorneys and paralegals are contained in the Excel® spreadsheets which are Exhibits "1" and "2" to the Jerold I. Schneider Declaration (Exhibit "A" hereto). The billable hourly rates actually charged to Levenger for each attorney is contained in para. 34 of the Schneider Declaration, which are at or below the standard Akerman Senterfitt

Case 9:06-cv-81054-DMM   Document 135   Entered on FLSD Docket 05/08/2008   Page 5 of 7

Plaintiff's Motion for Judgment of Amount of Attorney Fees and Costs and Incorporated Memorandum of Law
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON
Page 5

rates. In calculating the requested fee award, Mr. Schneider, based upon his 35 years of experience and knowledge in the field of patent litigation has assigned a range of between 2/3 and ¾ of the time in the "mixed" issue category (C) to the patent issues. In paragraphs 36 through 39 of Mr. Schneider's Declaration, the lodestar calculations (billing rate x time billed) are performed. The calculations are performed in two methodologies and the more conservative number is used to comprise the requested fee amount. (Exhibit "A", paragraphs 37 and 38). In paragraph 37 the calculation is made by attributing 2/3 and ¾ of the time to category (C) only. In paragraph 38, 2/3 and ¾ calculations are made to the (A) (B) and (C) categories. The paragraph 38 calculation results in a higher number, but Levenger submits this request based upon the lower numbers calculated in paragraph 37. As shown in the calculations, the range of a requested attorney fee award is $408,828.26 based upon a 2/3 allocation of category (C) time, to $448,675.35 based upon a ¾ allocation.

The Declaration of David Friedland is Exhibit "B", hereto. Mr. Friedland is a highly qualified, well experienced patent trial attorney who is familiar with the patent litigation practice in South Florida and the community norms for this work.

Mr. Friedland conducted a substantial review of the litigation, the findings of fact and conclusions of law, conducted interviews with and reviewed the time records of Levenger counsel. Mr. Friedland offers his opinion that the representation provided by Levenger was excellent, the time billed to Levenger and the rates charged by Akerman were reasonable, as is the approach taken by Mr. Schneider in allocating the time to arrive at the requested fee range of $408,827 to $448,672.

Case 9:06-cv-81054-DMM   Document 135   Entered on FLSD Docket 05/08/2008   Page 6 of 7

Plaintiff's Motion for Judgment of Amount of Attorney Fees and Costs and Incorporated Memorandum of Law
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON
Page 6

4. **Conclusion**

Based upon the results achieved, Levenger submits that it should be awarded its reasonable attorney fees pursuant to 35 U.S.C. §285 in the amount of $448,672, within the reasonable lodestar range. Levenger makes no claim for an increase above the lodestar range, although an increase would be fully justified.

Dated: May 7, 2008, 2008.
West Palm Beach, Florida

Respectfully submitted,

/s/ Richard L. Horn
Richard L. Horn, Esq.
Florida Bar No.: 0091988
E-mail: richard.horn@akerman.com
Jerold I. Schneider
Florida Bar No. (Florida Bar No. 0026975)
E-mail: jerold.schneider@akerman.com
Melissa S. Zinkil, Esq.
Florida Bar No.: 0653713
E-mail: melissa.zinkil@akerman.com
AKERMAN SENTERFITT
Esperante Building, 4th Floor
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida  33401
Telephone: (561) 653-5000
Facsimile:  (561) 659-6313
*Attorneys for Levenger Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Richard L. Horn
Richard L. Horn

{WP491283;1}

## SERVICE LIST

LEVENGER COMPANY v. JACOBO (JACK) FELDMAN et al.
Case No. 06-81054-Civ (MIDDLEBROOKS/JOHNSON)
United States District Court, Southern District of Florida

| | |
|---|---|
| **JACOBO (JACK) FELDMAN**<br>5809 NW 21st Way<br>Boca Raton, FL 33496<br><br>*Served Via U.S. Mail* | **SHIRLEY FELDMAN**<br>5809 NW 21st Way<br>Boca Raton, FL 33496<br><br>*Served Via U.S. Mail* |
| **ROLLABIND, LLC**<br>2300 W. Sample Road, Suite 202<br>Pompano Beach, FL 33073<br><br>*Served Via U.S. Mail* | **ROLLABIND, LLC**<br>c/o Jacobo (Jack) Feldman<br>5809 NW 21st Way<br>Boca Raton, FL 33496<br><br>*Served Via U.S. Mail* |
| **SHIRJA, INC.**<br>2300 W. Sample Road, Suite 202<br>Pompano Beach, FL 33073<br><br>*Served Via U.S. Mail* | **SHIRJA, INC.**<br>c/o Jacobo (Jack) Feldman<br>5809 NW 21st Way<br>Boca Raton, FL 33496<br><br>*Served Via U.S. Mail* |