UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81054-CIV-MIDDLEBROOKS/JOHNSON

LEVENGER COMPANY,
a Florida Corporation,

      Plaintiff,

v.

JACOBO (JACK) FELDMAN, et al,

      Defendants.
_____/

## **ORDER**

      THIS CAUSE comes before the Court upon Plaintiff's Motion for Judgment of Amount of Attorney Fees (DE 135), filed on May 8, 2008, and Plaintiff's Motion for Bill of Costs (DE 134), filed on May 1, 2008.  I have reviewed the motions and the file in this case.

**Background**

      This case was an action for patent invalidity, patent unenforceability, patent non-infringement, trade dress infringement, misappropriation of trade secrets, breach of a license agreement, and other equitable relief.  A bench trial was held from August 25, 2007, to August 29, 2007, and the Court entered its Findings of Fact and Conclusion of Law (DE 115) on September 21, 2007.  In the Findings of Fact and Conclusions of Law, the Court reached several conclusions of law, including (1) that Plaintiff had breached the License Agreement with the Defendants and that the Defendants were entitled to royalty payments under the contract during the time period between July 1, 2006, and November 10, 2006; and (2) that Plaintiff was entitled

to reasonable attorney's fees for the work that it had done on its claims for invalidity due to anticipation by prior art and obviousness, and unenforceability due to inequitable conduct.  The Court, however, declined to place a value on what each party owed in the hope that the parties would work it out between themselves.  The Court further stated that "[s]hould [the parties] be unable to reach [an] agreement, both parties shall submit briefings on amounts due under the findings set forth above."  In a separate Final Judgment  (DE 132), the Court stated that "Plaintiff is entitled to reasonable attorneys' fees for work that i[t] has done on its claims for patent invalidity due to anticipation by prior art and obviousness and unenforceability due to inequitable conduct."  It appears that the parties have not been able to work out the attorneys' fees amongst themselves and Plaintiff has filed the instant motions, to which Defendants have failed to respond.[1]  Thus, the Court must now determine the reasonable attorneys' fees and costs without the benefit of Defendants' responses.

**Reasonable Attorneys' Fees**

First the Court will address Plaintiff's motion for attorney's fees.  35 U.S.C. § 285 permits courts to award reasonable attorneys' fees in exceptional cases, as the Court previously

---

[1] Defendants have also failed to indicate whether or not they have retained new counsel. On April 15, 2008, the Court entered an Order permitting Buckingham, Doolittle, & Burroughs, LLP, to withdraw as counsel of record for Defendants, but did not allow a stay of the proceedings (DE 133).  The Court put Corporate Defendants Rollabind, LLC, and Shirja, Inc., on notice that, should they fail to obtain counsel to represent them by April 30, 2008, they may be subject to default in future filings with the Court.  The Court also informed Individual Defendants Jacobo Feldman and Shirley Feldman that while they may proceed *pro se* in this action, they shall inform this Court, by April 30, 3008, whether they intend to retain new counsel or proceed *pro se* in this action.

determined was justified here. The amount of this award is assessed at the discretion of the district court. *Lam, Inc. v. Johns-Manville Corp.,* 718 F.2d 1056, 1068 (Fed. Cir. 1983). Awarding fees under 35 U.S.C. § 285 is an issue unique to patent law, and therefore, Federal Circuit law applies. *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1343 (Fed. Cir. 2001). In determining the reasonableness of the award, the Federal Circuit has held that the district court should "consider all the relevant circumstances in a particular case." *Junker v. Eddings,* 396 F.3d 1359, 1365 (Fed. Cir. 2005). This includes looking at the following: hourly time records, full expense statements, documentation of attorney hourly billing rates in the community for the particular type of work involved, the attorney's particular skill and experience, and detailed billing records or client's actual bills showing tasks performed in connection with the litigation. *Id.* at 1366. Fees incurred in preparing the fee motion are ordinarily awarded. *Mathis v. Spears,* 857 F. 2d 749, 856 (Fed. Cir. 1988). When there is difficulty in arriving at a precise calculation, the district court may apply a percentage approach. *See, e.g., Minks v. Polaris Industries, Inc.,* 2007 WL 1725211, *2 (M.D. Fla. Jun. 14, 2007)(finding that a percentage reduction was appropriate where it was "not possible to separate out the attorney's fees that were unnecessarily incurred"). Additionally, award determinations under 35 U.S.C. § 285 are reviewed for abuse of discretion. *Junker,* 396 F.3d at 1365.

In its Motion, Plaintiff requests between $408,828.26 and $448, 672.00 in attorneys fees. As support for this request, Plaintiff provides two substantive declarations, one from Jerold I. Schneider, Plaintiff's lead counsel, and another from David K. Friedland, an independent attorney fee expert who is located in Coral Gables, Florida. *See* Exhibit A and B, DE 135. Plaintiff also submits billing statements, time entries, and declarations from many of the

attorneys and paralegals who worked on the case. *See* Exhibits attached to Exhibit A, DE 135; Exhibits C through G.

In his Declaration, Mr. Schneider avers that he had primary responsibility for this case and has had over 40 years experience in intellectual property law including involvement in over 175 intellectual property lawsuits. Mr. Schneider explains in detail how he arrived at the requested attorneys' fees figures. The Court will examine this approach below.

In his Declaration, Mr. Friedland avers that he is also an experienced patent attorney. In his opinion, Plaintiff's counsel did an excellent job representing Plaintiff in this case. Mr. Friedland finds the amount of attorneys' fees requested reasonable and states that in rendering this opinion, he has reviewed the billing statements, time entries, and declarations of the lawyers and paralegals who worked on this case.

As noted above, the Court will only award reasonable attorneys' fees for those fees incurred working on the following three claims: (1) patent invalidity due to anticipation by prior art; (2) patent invalidity due to obviousness; and (3) patent unenforceability due to inequitable conduct. To separate out these compensable claims from the other noncompensable claims that were litigated, such as trade secret misappropriation, trade dress infringement, and contract claims, Plaintiff divided their time entries into four basic categories: (A) time entries which can be determined to be fully attributable to the compensated issues; (B) time entries which can be determined to be fully attributable to the non-compensable issues; (C) time entries which consist of both compensable and noncompensable time but cannot be separated, e.g. trial time; and (D) time entries incurred in preparation and prosecution of the fee motion. Plaintiff requests all of the time that is in Category A and Category D. Plaintiff does not request any of the time that is

in Category B. For example, as the summary judgment motion filed by Defendants in this case related solely to a contract issue, Plaintiff put its summary judgment entries in Category B and did not include any of this time in their request. Plaintiff requests between 66% and 75% of the time that is in Category C, the mixed category. If the Court believes 66% is appropriate, the attorneys' fee award should be $408,828.26. If the court believes 75% is appropriate, the attorneys' fee award should be $448, 672.00.

Upon review of all of the documents submitted to the Court along with this motion and as is in the power of the Court, it finds the higher figure of $448, 672.00 to be the reasonable attorneys' fees for Plaintiffs' counsel's work on the three patent claims it substantially prevailed on.

---

**Costs**

The Court next turns to the award for costs. Plaintiffs seek costs in the amount of $11,634,74. This amount includes fees of the clerk ($425.00), fees of the court reporter ($4,899.16), fees for witnesses ($1,514.60), fees for exemplification and copies ($3,750.98), and compensation of interpreters ($1,045.00). Federal Rule of Civil Procedure 54(d) states that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." As these costs appear to be reasonable, they are therefore awarded in the amount requested.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment of Amount of Attorney Fees (DE 135) is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Bill of Costs (DE 134) is

GRANTED.  It is further

ORDERED AND ADJUDGED that the Clerk of Court shall enter judgment in favor of Plaintiffs and against Defendant in the amount of $460,306.74 representing $448,672.00 in attorneys' fees, and $11,634.74 in costs, for all of which execution may issue.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 30th day of May, 2008.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies:     Counsel of record

Mr. Jacobo Feldman
5809 NW 21st Way
Boca Raton, FL 33496

Rollabind, LLC
2300 W. Sample Road
Suite 202
Pompano Beach, FL 33073

Shirja, Inc.
2300 W. Sample Road
Suite 202
Pompano Beach, FL 33073